N. E. WITT et al. v. W. R. SILER.

Eastern Section. April 28, 1928.

J. N. Russell, of LaFollette, for appellant.

Lindsay, Young & Young, of Knoxville, for appellee.

SNODGRASS, J.   This is an ejectment bill, originally filed by N. E. Witt against W. R. Siler, to recover a tract of land of some thirty-three acres as described in the bill.   The complainant was a vendee of the LaFollette Coal & Iron Co., and before the bill was answered by the defendant Siler an amended and supplemental bill was filed in which the said LaFollette Coal & Iron Company joined as a complainant, so that, as appears from the face of the bill, if complainant N. E. Witt could not recover by reason of his deed being champertous, the said Coal & Iron Company, his vendor, might recover for his benefit.

There was a demurrer, answer and cross-bill filed by the defendant W. R. Siler to the supplemental bill, and also an answer to the original bill, all on the same date, November 22, 1926.

An answer was filed by the LaFollette Coal & Iron Co. to the cross-bill on January 29, 1927.

The demurrer and answer to the supplemental bill made the question that the champertous vendor and vendee could not be joined in equity.   The demurrer, however, seems never to have been called up or acted upon, and at chambers the following order recasting and separating the cases was entered:

> "This cause came on to be heard by consent at chambers on this date and on motion of complainants, the amended and supplemental bill filed March 20, 1926 may be withdrawn as an

amendment to the original bill February 26, 1926, and the same is ordered to stand as an independent original bill of the LaFollette Coal & Iron Company against W. R. Siler, and on motion complainant LaFollette Coal & Iron Company is permitted to amend its said bill in the following particulars:

"First, by striking from said bill the name of N. E. Witt as a party thereto, and all references therein to him or his rights, and

"Second, by striking from said bill all reference to the matter of the LaFollette Coal & Iron Company having, at any time, executed a deed to the complainant, N. E. Witt, for the land in controversy, or any part thereof, and

"Third, by describing the premises sought to be recovered, as being the house where the defendant W. R. Siler now lives together with the enclosure around said house. The defendant excepted to the action of the court in granting the foregoing amendment.

"By consent of parties, the cause of N. E. Witt v. W. R. Siler, and the cause of the LaFollette Coal & Iron Company v. W. R. Siler shall be heard at the same time; and all evidence on file may be used and considered in either or both of said causes insofar as the same is competent and pertinent."

Thus stripped of the original complications the two cases were heard together before the Chancellor on the 4th day of March, 1927, when the following decree was entered in this cause:

"Be it remembered that this cause came on for final hearing by consent of parties before the Hon. J. H. Wallace, Chancellor at his chambers in Clinton, Tennessee, on this 4th day of March, 1927. Thereupon counsel for defendant W. R. Siler withdrew his amended answer, denying that complainant, LaFollette Coal & Iron Company owned the tract of land involved in this cause on October 4, 1919, the date defendant claims to have contracted to purchase it and admitted in open court that said company did own said tract of land on said date. Thereupon counsel for complainant, LaFollette Coal & Iron Company, withdrew from the record the agreement between attorneys the depositions of C. E. Crawford and L. J. Seargeant, the abstract of title and the exhibits thereto, filed January 29, 1927, and thereupon said cause was heard upon the whole of the remainder of said record, and upon due consideration the court decrees as follows:

"A. That the LaFollette Coal & Iron Company is the owner of the tract of land in litigation, which is described in defendant's answer, being the enclosed premises where the defendant now lives.

"B. That the paper writing, dated October 4, 1919, and introduced and relied on by defendant as a contract to sell him said tract or parcel of land is wholly insufficient in law as a contract to sell land, and that if there was any contract to sell said land, it was a verbal agreement and not binding on either party and cannot be enforced, and that defendant, W. R. Siler, is not entitled to a specific performance of said alleged contract and his cross-bill seeking such affirmative relief is by the court dismissed.

"C. That complainant, LaFollette Coal & Iron Company, is entitled to the relief sought in its bill and is entitled to the immediate possession of said land and unless the possession thereof is surrendered to said LaFollette Coal & Iron Company by the defendant within twenty days from this date, a writ of possession is awarded to put it in possession of said land.

"D. That defendant went into possession of said land, either as a tenant of said complainant, or under a verbal contract to purchase same and has paid no rents for same, but is liable to said complainant for said rents, and defendant is entitled to recover the value of such improvements as he has placed upon said land since he took possession thereof, which permanently enhanced the value thereof. It is, therefore, ordered that upon the application of either of said parties a reference is awarded and the Master will report to the next term of the court from the proof on file and such other proof as the parties may introduce: 1st. The amount defendant is due said complainant as rents on said place; and, 2nd, what is the value of the improvements placed on said land by defendant which has permanently enhanced the value thereof.

"It is further decreed by the court that in the event said defendant perfects his said appeal but does not surrender possession of said tract of land before doing so, he shall give a good and sufficient bond in the penalty of $250, conditioned that he will pay off and satisfy any judgment which may be rendered against him for rents and damages accruing to complainant from and after this date, and in the event said indemnity bond is not given on or before twenty days from this date, said writ of possession will issue to put complainant LaFollette Coal & Iron Company in full and exclusive possession of said tract of land.

"Upon the hearing of said cause, complainant's counsel objected to all questions and answers thereto in relation to the location of the tract of land involved in litigation, or to any description of it, or to the amount of land to be conveyed, whether said questions were propounded by complainant's or defendant's counsel, which exceptions were by the court sustained, and said ques-

tions and answers excluded. Complainant's counsel also moved to exclude any testimony relating to the alleged sale of said tract of land to N. E. Witt by the LaFollette Coal & Iron Company, which exceptions were likewise sustained and all references to said matter excluded.

"To the action of the court in all things the defendant, W. R. Siler, excepts and prays an appeal to the next term of the Supreme Court, which appeal is granted and the defendant is given twenty days from this date to perfect his said appeal by giving the necessary appeal bond, or otherwise complying with the law."

Defendant Siler gave the bond and, perfecting his appeal has made numerous assignments of error, all of which we think can be disposed of more readily in a general review of the entire case.

We do not think appellant's position that the two cases continued as one case after the action of the court in separating them is tenable. Though they were heard together and upon the same evidence, it properly does not appear what was done with the other case. This case alone is here by the appeal, and it is that of the LaFollette Coal & Iron Company against the appellant, and the cross-bill of himself against said company.

The first assignment is, that the Chancellor erroneously allowed the amendment separating the cases and allowing them to proceed independently, and, insofar as this case is concerned, stripping it of all inditia of champerty upon the face of the bill.

It is quite certain that as joint complainants, with the champerty appearing upon the face of the bill, the original case could not have gotten along very successfully. 88 Tenn. (4 Pickle), 168. But it is equally certain that, without champerty appearing upon the face of the bill, the LaFollette Coal & Iron Company can maintain its bill singly, notwithstanding a champertous deed may be outstanding. Key v. Snow, 90 Tenn. (6 Pickle), 663. So when by amendment the court separated these cases and stripped the amended and supplemental bill of all offending references and allowed it to proceed as an independent measure of the LaFollette Coal & Iron Company, it then became only a question of the power of the court to allow the amendment; and as to this we think there can be no question. Section 6145 of Shannon's Code provides:

"But the court may, at any stage of the cause, even after the argument, if it be thought necessary to justice, permit amendment of the bill, upon such terms as may appear reasonable."

It would therefore appear that amendments are pretty largely within the sound discretion of the court; which discretion will not be reviewed by this court except in cases of abuse thereof effecting injury to those against whom it is exercised, which we do not think in either particular has been done in this case. The only injury that

apparently has been done the defendant by the amendment was to deprive him of the defense of champerty, which would have resulted in the dismissal of the bills without a trial upon any merits they might have presented.

It may be true that the Chancellor could and would be regarded as properly exercising his discretion in refusing or allowing amendments in every instance cited by appellant in his brief, and that upon appeal therefrom this court could not find his action in the particular case an abuse of such discretion, and would therefore uphold it. But such citations are not moving here, where the Chancellor has exercised a discretion in another particular; and the only material inquiry is, did he so abuse it as to effect injustice?

The Supreme Court held in the case of Key v. Snow, supra, that it might appear that subsequently to any offensive contract the champertous vendee might even procure the vendor to prosecute the suit; that he had such interest in the land as that this could be done without invasion of the maintenance feature of the statute. The striking from the bill of every allegation that made it offend and its allowance to proceed as an independent measure, was in effect the same as a dismissal, and the prosecution of the new suit from the entry of such order, and for which the case just mentioned would stand as authority. And if the complainant LaFollette Coal & Iron Company is entitled to recover under its bill, that should end the inquiry; for in determining this question the answer and cross-bill of defendant Siler can only operate as a defense. Appellant insists that it is necessary to formally plead the statute of frauds to avoid the effect of his alleged verbal purchase of the land within the inclosure. We think the filing of this ejectment bill against him was a sufficient disavowal of any title he was authorized to maintain under any alleged verbal purchase, which, if invalid under the statute of frauds, could only ripen into a possessory right, or such as the Chancellor secured to the defendant Siler in his opinion and decree. He does not claim any writing other than a letter of October 4, 1919, which is as follows:

"W. R. Siler,
"Morley, Tenn.
"Dear Sir:—
"Confirming our conversation of Oct. 2nd, we can make you a price of $25 per acre cash. Yours truly, S. J. Seargeant, Mining Engineer."

This letter standing alone would not sufficiently evidence a memorandum in writing of a contract of sale of land. At best it could only be evidence as to some land, and could by proof be made to apply to any land. There is no reference in this letter by which proof

might certainly apply it to particular land. It is therefore of such ambiguity as cannot be aided by parol proof.

It is claimed by appellant, however, that it applied to the lands within the inclosure that he was in possession of and had been for some time. If this be true it is apparent that he was not claiming the inclosure adversely up to this time, but that whatever possession he had theretofore held was in recognition of the title of the LaFollette Coal & Iron Company, whose agent Seargeant was in writing the letter.

We think the proof shows that only negotiations had been pending up to this time, and that no adverse possession of the inclosure had been taken. We think it likewise established that on November —, 191—, when Seargeant was back up there surveying, that these negotiations were terminated by appellant Siler himself, when on his failure to have more land included in his proposed purchase than what had been verbally discussed he announced that he would not take any of it. The Chancellor doubtless concluded that a promise later, which seems to have been admitted, to come and survey the land, reinstated the negotiations. At any rate the bill having been filed before any seven years possession could possibly have run after this, the proof showed that he had not been in possession of the inclosure long enough to mature any possessory right. The concession as to the ownership of the property in the final decree on October 4, 1919 and the date of the letter, removed any consideration the deed to Witt. For if such deed had been executed theretofore, this agreement would imply that the property had been returned to the La-Follette Coal & Iron Company; and that if executed while defendant Siler was in possession of the inclosure, it would be void to the extent of the inclosure, and would not interfere under the holding heretofore cited with the recovery of the land by the LaFollette Coal & Iron Company, under the form the litigation had assumed.

We think under the claim of a verbal purchase of the inclosure the Chancellor was in error in excluding the evidence in relation to the location of the tract of land involved in the litigation, or to any description of it, or as to the amount of land that was contracted to be sold, not, however, on account of its relation as validating a writing and taking the case out of the statute, but under the verbal claim it was competent to show what land the natural boundary of the fence included and what improvement had been placed upon it, to effectuate any lien that might be declared against it in the event the reference showed a balance in cross-complainant's favor, and to this extent the cross-bill should have been sustained. The Chancellor in effect held that while the verbal agreement with relation to the sale of the inclosure was voidable at the instance of the LaFollette Coal & Iron Company, he nevertheless properly held that any improvements made

upon the land before the disavowal was chargeable against it, though to be credited by rents, etc. To this extent the assignments are sustained, but overruled as to all other matters, and to this extent his decree will be modified and affirmed.

The cause will be remanded for the purpose of carrying out the reference ordered, and in the event a balance should be found in favor of the defendant and cross-complainant Siler, it will be made a lien upon the inclosure; and unless paid within the time ordered by the Chancellor the inclosure will be sold to satisfy it, upon terms to be fixed.

The costs in this court will be divided between the complainant and defendant Siler, and adjudged against them and their securities as they may appear. All other costs will be as adjudged by the Chancellor.

Portrum and Thompson, JJ., concur.